BRIAN D. BOYLE (S.B. #126576)
bboyle@omm.com
SHANNON M. BARRETT (*Pro Hac Vice*)
sbarrett@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

CATALINA J. VERGARA (S.B. #223775)
cvergara@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Attorneys for Defendants City National Corporation; City National Bank; City National Securities, Inc.; Marianne Lamutt; Christopher Carey; Michael B. Cahill; Michael Nunnelee; Richard Byrd; Vernon Kozlen; Kate Dwyer; Richard L. Bloch; Kenneth Coleman; Bruce Rosenblum; Robert Tuttle; and the City National Corporation Profit Sharing Plan

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>             Plaintiff,<br><br>    v.<br><br>CITY NATIONAL CORPORATION; CITY NATIONAL BANK; CITY NATIONAL SECURITIES, INC.; MARIANNE LAMUTT; CHRISTOPHER CAREY; MICHAEL B. CAHILL; MICHAEL NUNNELEE; RICHARD BYRD; VERNON KOZLEN; KATE DWYER; RICHARD L. BLOCH; KENNETH COLEMAN; BRUCE ROSENBLUM; ROBERT TUTTLE; and the CITY NATIONAL CORPORATION PROFIT SHARING PLAN,<br><br>             Defendants. | Case No. 2:15-cv-03084-TJH (JCx)<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF ERISA**<br><br>Judge: Hon. Terry J. Hatter Jr.<br>Magistrate: Hon. Jacqueline Chooljian |


## ANSWER AND AFFIRMATIVE DEFENSES

Defendants City National Corporation; City National Bank; City National Securities, Inc.; Marianne Lamutt; Christopher Carey; Michael B. Cahill; Michael Nunnelee; Richard Byrd; Vernon Kozlen; Kate Dwyer; Richard L. Bloch; Kenneth Coleman; Bruce Rosenblum; Robert Tuttle; and the City National Corporation Profit Sharing Plan (collectively, "Defendants") hereby answer Plaintiff's Complaint for Violations of ERISA ("Complaint") pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure as follows:

## GENERAL DENIALS

Except as expressly admitted below, Defendants deny each and every allegation against them and deny liability to Plaintiff. With respect to those allegations in the Complaint that specify no applicable time period, Defendants have answered as of the present date.

Plaintiff includes in the Complaint lettered and numbered headings purporting to characterize certain actions or events. Because the headings and subheadings are not set forth in numbered paragraphs, they are not properly pleaded facts, and no response is necessary. To the extent that Plaintiff has included headings or impertinent materials that are inappropriate under Rules 8 and 12(f) of the Federal Rules of Civil Procedure, no response is necessary, and any such inappropriate material should be stricken. To the extent Plaintiff's headings or subheadings purport to state facts to which a response is required, Defendants deny each and every such allegation. Due to the length of the Complaint, Plaintiff's headings are repeated below, solely for organizational purposes. Defendants specifically deny, and do not adopt, the characterizations set forth in these organizational headings and subheadings.

Defendants expressly reserve the right to seek to amend and/or supplement this Answer as may be necessary.

**RESPONSES TO SPECIFIC ALLEGATIONS**

In addition to and incorporating the above general denials, Defendants further answer the numbered paragraphs in the Complaint as follows:

**JURISDICTION**

1. Answering paragraph 1 of the Complaint, Defendants state that the allegations are a statement of Plaintiff's legal position, to which no response is required; to the extent that such allegations require a response, Defendants admit that Plaintiff purports to seek the relief described; and, except as admitted, deny each and every allegation in said paragraph and deny Plaintiff's entitlement to any of the requested relief.

2. Answering paragraph 2 of the Complaint, Defendants state that said paragraph asserts conclusions of law to which no response is required; to the extent that such allegations require a response, Defendants admit that this Court has jurisdiction over Plaintiff's ERISA claims.

3. Answering paragraph 3 of the Complaint, Defendants state that said paragraph asserts conclusions of law to which no response is required; to the extent that such allegations require a response, Defendants admit that venue is proper in this district; admit that some administrative functions of the City National Corporation Profit Sharing Plan (the "Plan") occur or have occurred in this district; and, except as admitted, deny each and every allegation in this paragraph.

**GENERAL ALLEGATIONS**

**A.  Fiduciaries and Parties in Interest**

4. Answering paragraph 4 of the Complaint, Defendants state that said paragraph asserts conclusions of law to which no response is required; to the extent such allegations require a response, Defendants admit that the Plan is an employee benefit plan under ERISA § 3(3), 29 U.S.C. § 1002(3); and admit that the Plan is subject to Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

DEFS.' ANSWER AND AFFIRMATIVE
DEFENSES TO PL.'S COMPL. FOR
VIOLATIONS OF ERISA

5.      Answering paragraph 5 of the Complaint, Defendants state that said paragraph asserts conclusions of law to which no response is required; to the extent that such allegations require a response, Defendants state that the phrase "at all relevant times" is overly ambiguous and that they answer said paragraph as of the present date; admit that City National Corporation ("CNC") is a publicly traded financial services company that is incorporated in Delaware; admit that CNC has business operations in Los Angeles, California; admit that CNC is the parent company of City National Bank ("CNB"); admit that CNC is the Plan Sponsor, named fiduciary, and Plan Administrator; admit that CNC is a party in interest to the Plan within the meaning of ERISA §§ 3(14)(A) and (C), 29 U.S.C. §§ 1002(14)(A) and (C); and, except as admitted, deny each and every allegation in said paragraph.

6.      Answering paragraph 6 of the Complaint, Defendants state that said paragraph asserts conclusions of law to which no response is required; to the extent that such allegations require a response, Defendants state that the phrase "at all relevant times" is overly ambiguous and that they answer said paragraph as of the present date; admit that CNB is the Trustee of the Plan; admit that CNB is a party in interest to the Plan within the meaning of ERISA §§ 3(14)(A) and (C), 29 U.S.C. §§ 1002(14)(A) and (C); and, except as admitted, deny each and every allegation in said paragraph.

7.      Answering paragraph 7 of the Complaint, Defendants state that said paragraph asserts conclusions of law to which no response is required; to the extent that such allegations require a response, Defendants state that the phrase "at all relevant times" is overly ambiguous and that they answer said paragraph as of the present date; admit that City National Securities, Inc. ("CNS") is a wholly owned subsidiary of CNB; admit that CNS is an entity providing services to the Plan; admit that CNS is a party in interest to the Plan within the meaning of ERISA §§ 3(14)(A) and (C), 29 U.S.C. §§ 1002(14)(A) and (C); and, except as admitted,

deny each and every allegation in said paragraph.

8. Answering paragraph 8 of the Complaint, Defendants state that said paragraph asserts conclusions of law to which no response is required; to the extent that such allegations require a response, Defendants state that the phrase "at all relevant times" is overly ambiguous and that they answer said paragraph as of the present date; admit that City National Asset Management("CNAM") was a division of CNB, which provided services to the Plan; deny that CNAM remains a division of CNB; admit that CNAM was a party in interest to the Plan within the meaning of ERISA §§ 3(14)(A) and (C), 29 U.S.C. §§ 1002(14)(A) and (C); and, except as admitted, deny each and every allegation in said paragraph.

9. Answering paragraph 9 of the Complaint, Defendants state that said paragraph asserts conclusions of law to which no response is required; to the extent that such allegations require a response, Defendants state that the phrase "at relevant times" is overly ambiguous and that they answer said paragraph as of the present date; admit that Richard L. Bloch, Kenneth Coleman, Bruce Rosenblum, and Robert Tuttle are members of the Compensation, Nominating, and Governance Committee ("CN&G Committee") of the Board of Directors of CNB and CNC; admit that the Board of Directors of CNB and CNC delegated authority to the CN&G Committee for the appointment and monitoring of the Employee Benefits Committee ("Benefits Committee"); admit that the above-referenced members of the CN&G Committee are parties in interest to the Plan within the meaning of ERISA §§ 3(14)(A) and (C), 29 U.S.C. §§ 1002(14)(A) and (C); and, except as admitted, deny each and every allegation in said paragraph.

10. Answering paragraph 10 of the Complaint, Defendants state that said paragraph asserts conclusions of law to which no response is required; to the extent that such allegations require a response, Defendants state that the phrase "at relevant times" is overly ambiguous and that they answer said paragraph as of the present date; admit that Marianne Lamutt, Christopher Carey, Michael B. Cahill,

Michael Nunnelee, and Richard Byrd are members of the Benefits Committee; deny that the Benefits Committee was renamed; admit that the Benefits Committee, as agent for the Plan administrator, and subject to the Plan administrator's approval, had discretion to take action to administer the Plan as the Benefits Committee deemed appropriate; admit that the above-referenced members of the Benefits Committee are or were parties in interest to the Plan within the meaning of ERISA §§ 3(14)(A) and (C), 29 U.S.C. §§ 1002(14)(A) and (C); and, except as admitted, deny each and every allegation in said paragraph.

### B.     The Plan and Administration of the Plan

11.     Answering paragraph 11 of the Complaint, Defendants state that the allegations are a statement of Plaintiff's legal position, to which no response is required.

12.     Answering paragraph 12 of the Complaint, Defendants admit each and every allegation in said paragraph.

13.     Answering paragraph 13 of the Complaint, Defendants state that Plan participants had the following options for directing investment of their Plan accounts:

   a.   Option 1, the selection of a custom portfolio from an approved menu of options composed of mutual funds as well as the Company Stock Fund;

   b.   Option 2, the selection of one of five predetermined risk-based model portfolios consisting of approved money market, bond and stock funds as well as the Company Stock Fund; or,

   c.   Option 3, an individually directed brokerage account, which allowed the individual to invest in stocks, bonds, mutual funds including those not specified in Options 1 and 2, and other publicly traded investments, including City National common

    stock; Option 3 can be combined with either Option 1 or Option 2;

  d. The accounts of those participants who did not elect any of the options were invested in the Plan's Qualified Default Investment Alternative;

and, except as admitted, deny each and every allegation in said paragraph.

  14. Answering paragraph 14 of the Complaint, Defendants state that Plaintiff appears to be referring to specific documents and that such documents speak for themselves; to the extent that a response is required, Defendants admit each and every allegation in said paragraph.

  15. Answering paragraph 15 of the Complaint, Defendants state that Plaintiff appears to be referring to specific documents and that such documents speak for themselves; to the extent that a response is required, Defendants admit each and every allegation in said paragraph.

  16. Answering paragraph 16 of the Complaint, Defendants state that Plaintiff appears to be referring to specific documents and that such documents speak for themselves; to the extent that a response is required, Defendants admit each and every allegation in said paragraph.

  17. Answering paragraph 17 of the Complaint, Defendants state that the Board of Directors of the Company and CNB delegated authority for the appointment and removal of Benefits Committee members to the CN&G Committee; and, except as admitted, deny each and every allegation in said paragraph.

  18. Answering paragraph 18 of the Complaint, Defendants state that Plaintiff appears to be referring to a specific document and that such document speaks for itself; to the extent that a response is required, Defendants deny that the Benefits Committee was ever renamed, but otherwise admit each and every allegation in said paragraph.

DEFS.' ANSWER AND AFFIRMATIVE DEFENSES TO PL.'S COMPL. FOR VIOLATIONS OF ERISA

19. Answering paragraph 19 of the Complaint, Defendants state that said paragraph asserts conclusions of law to which no response is required.

20. Answering paragraph 20 of the Complaint, Defendants state that Plaintiff appears to be referring to a specific document and that such document speaks for itself; to the extent that a response is required, Defendants admit that the Plan's Trust Agreement states that the Benefits Committee may direct the Plan Trustee to pay "reasonable" Plan administrative expenses out of the Trust assets.

## FIRST CLAIM FOR RELIEF

**Disloyal, Imprudent, and Prohibited Transactions between the Plan and Plan Service Providers CNB and the Company, Who Were Also Plan Fiduciaries**

21. Answering paragraph 21 of the Complaint, Defendants state that the allegations are a statement of Plaintiff's legal position, to which no response is required.

22. Answering paragraph 22 of the Complaint, Defendants state that said paragraph asserts conclusions of law to which no response is required.

23. Answering paragraph 23 of the Complaint, Defendants state that said paragraph asserts conclusions of law to which no response is required.

24. Answering paragraph 24 of the Complaint, Defendants state that said paragraph asserts conclusions of law to which no response is required.

25. Answering paragraph 25 of the Complaint, Defendants state that Plaintiff appears to be referring to specific documents and that such documents speak for themselves; to the extent that a response is required, Defendants admit each and every allegation in said paragraph.

26. Answering paragraph 26 of the Complaint, Defendants admit that CNB provides trust and administrative services to the Plan; admit that CNAM was a division of CNB and that CNAM provided services to the Plan; admit that CNS is a subsidiary of CNB and that CNS provides services to the Plan; and, except as admitted, deny each and every allegation in said paragraph.

DEFS.' ANSWER AND AFFIRMATIVE DEFENSES TO PL.'S COMPL. FOR VIOLATIONS OF ERISA

27. Answering paragraph 27 of the Complaint, Defendants admit each and every allegation in said paragraph.

28. Answering paragraph 28 of the Complaint, Defendants admit that a mutual fund's expenses are generally paid out of the corpus of a mutual fund to entities responsible for providing services to those funds; and, except as admitted, deny each and every allegation in said paragraph.

29. Answering paragraph 29 of the Complaint, Defendants admit each and every allegation in said paragraph.

30. Answering paragraph 30 of the Complaint, Defendants state that Plaintiff appears to be referring to specific documents and that such documents speak for themselves; state that the CNB fee schedules for the Plan were operative as between CNC and CNB rather than CNB and the Plan Benefits Committee; admit that CNB's fees, pursuant to agreement between CNC and CNB, include reasonable compensation from mutual funds for CNB's provision of shareholder servicing and administrative services to those funds; and, except as admitted, deny each and every allegation in said paragraph.

31. Answering paragraph 31 of the Complaint, Defendants state that the allegations contain statements of Plaintiff's legal position and conclusions of law, to which no response is required; to the extent that such allegations require a response, Defendants admit that the Plan's participants were CNB employees; deny that CNB calculated its compensation to earn a profit; and, except as admitted, deny each and every allegation in said paragraph.

32. Answering paragraph 32 of the Complaint, Defendants state that the allegations are a statement of Plaintiff's legal position, to which no response is required; to the extent that such allegations require a response, Defendants state that CNB has maintained records and data concerning the Plan's direct expenses; and, except as admitted, deny each and every allegation in said paragraph.

33. Answering paragraph 33 of the Complaint, Defendants state that the

1  allegations are a statement of Plaintiff's legal position, to which no response is
2  required; to the extent that such allegations require a response, Defendants state that
3  CNB has maintained records and data concerning the time spent by CNB
4  employees on the Plan; admit that there were no CNB employees who worked
5  exclusively on Plan-related work over the relevant time period; and, except as
6  admitted, deny each and every allegation in said paragraph.

7    34. Answering paragraph 34 of the Complaint, Defendants admit each and
8  every allegation in said paragraph.

9    35. Answering paragraph 35 of the Complaint, Defendants state that the
10 allegations are a statement of Plaintiff's legal position, to which no response is
11 required; to the extent that such allegations require a response, Defendants state that
12 Plaintiff appears to be referring to specific documents and that such documents
13 speak for themselves; admit that the members of the Benefits Committee are or
14 were salaried employees of CNB; further admit that the Benefits Committee had
15 oversight over Plan-related fees and expenses; and, except as admitted, deny each
16 and every allegation in said paragraph.

17   36. Answering paragraph 36 of the Complaint, Defendants admit that prior
18 to 2008, and to the extent that CNB received revenue sharing from mutual funds
19 included in the Plan, CNB received such revenue sharing under agreements with
20 those mutual funds or mutual funds' agents, distributors, advisors, or other
21 affiliates; and, except as admitted, deny each and every allegation in said paragraph.

22   37. Answering paragraph 37 of the Complaint, Defendants state that the
23 allegations are a statement of Plaintiff's legal position, to which no response is
24 required; to the extent that such allegations require a response, Defendants deny
25 each and every allegation in said paragraph.

26   38. Answering paragraph 38 of the Complaint, Defendants state that
27 Plaintiff appears to be referring to a specific document and that such document
28 speaks for itself; to the extent that a response is required, Defendants state that

Fidelity Brokerage Services LLC and National Financial Services LLC (collectively, "Fidelity") entered into a Custody Agreement with CNB, which became effective on or about August 16, 2008, appointing Fidelity to act as the sub-custodian of CNB clients' assets held on Fidelity's brokerage platform; and, except as admitted, deny each and every allegation in said paragraph.

39. Answering paragraph 39 of the Complaint, Defendants admit that after CNB entered into a mutual fund Custody Agreement with Fidelity, Fidelity received mutual fund revenue sharing compensation for the mutual funds in its custody; admit that Fidelity retained 2.5 basis points of such mutual fund revenue sharing compensation as its custody fee and passed the remainder to CNB; and, except as admitted, deny each and every allegation in said paragraph.

40. Answering paragraph 40 of the Complaint, Defendants state that the allegations are a statement of Plaintiff's legal position, to which no response is required; to the extent that such allegations require a response, Defendants state that CNB has maintained records and data concerning the Plan's direct expenses; and, except as admitted, deny each and every allegation in said paragraph.

41. Answering paragraph 41 of the Complaint, Defendants state that the allegations are a statement of Plaintiff's legal position, to which no response is required; to the extent that such allegations require a response, Defendants deny that CNB failed to keep records of the Plan's direct expenses; state that CNB has maintained records and data concerning such expenses; and, except as admitted, deny each and every allegation in said paragraph.

42. Answering paragraph 42 of the Complaint, Defendants state that Plaintiff appears to be referring to specific documents and that such documents speak for themselves.

43. Answering paragraph 43 of the Complaint, Defendants state that the allegations are a statement of Plaintiff's legal position, to which no response is required; to the extent that such allegations require a response, Defendants admit

1  that, between February 2008 and September 2011, the Benefits Committee reduced
2  the mutual fund revenue sharing retained by CNB as compensation; admit that the
3  Benefits Committee did not "demand" a "refund" to the Plan of amounts CNB
4  received on grounds that CNB retained supposedly "excess compensation"; deny
5  that Plaintiff has accurately characterized the revenue received by CNB as "excess
6  compensation"; deny that CNB did not maintain records and data concerning the
7  Plan's direct expenses; and, except as admitted, deny each and every allegation in
8  said paragraph.
9       44.   Answering paragraph 44 of the Complaint, Defendants state that the
10 allegations contain statements of Plaintiff's legal position, to which no response is
11 required; to the extent that such allegations require a response, Defendants admit
12 that the Benefits Committee's May 6, 2008 meeting minutes reference a reduction
13 of Plan fees to 26 basis points of Plan assets; admit that such meeting minutes do
14 not reflect a "rebate" of prior fees or a limit on fees going forward, but deny that
15 Plaintiff has accurately characterized CNB's fees as being "in excess of direct
16 expenses"; and, except as admitted, deny each and every allegation in said
17 paragraph.
18      45.   Answering paragraph 45 of the Complaint, Defendants state that
19 Plaintiff appears to be referring to specific documents and that such documents
20 speak for themselves; to the extent that a response is required, Defendants admit
21 that the Benefits Committee's April 27, 2009 meeting minutes reference a
22 discussion of a review of Plan expenses which indicated that the "Plan's fees are at
23 the high end of the market due to a number of factors including dual payroll cycles,
24 the investments in City National Corporation stock and an active participant base";
25 deny that the Benefits Committee's July 21, 2009 meeting minutes refer to CNB's
26 fees charged to the Plan as "high"; and, except as admitted, deny each and every
27 allegation in said paragraph.
28      46.   Answering paragraph 46 of the Complaint, Defendants state that the

1  allegations contain statements of Plaintiff's legal position, to which no response is
2  required; to the extent that such allegations require a response, Defendants admit
3  that the Benefits Committee's July 21, 2009 meeting minutes reference a 2-basis-
4  point fee reduction in addition to a previous 6-basis-point fee reduction; admit that
5  such meeting minutes do not reflect a "rebate" of prior fees or a limit on fees going
6  forward, but deny that Plaintiff has accurately characterized CNB's fees as being
7  "in excess of direct expenses"; and, except as admitted, deny each and every
8  allegation in said paragraph.

9       47.    Answering paragraph 47 of the Complaint, Defendants admit each and
10  every allegation in said paragraph.

11       48.    Answering paragraph 48 of the Complaint, Defendants state that
12  Plaintiff appears to be referring to a specific document and that such document
13  speaks for itself.

14       49.    Answering paragraph 49 of the Complaint, Defendants admit that the
15  Benefits Committee did not request a "rebate" of fees by CNB and that CNB did
16  not provide a "rebate" of revenues it had received, but deny that Plaintiff has
17  accurately characterized CNB's revenues in connection with the Plan as being "in
18  excess of direct expenses"; and, except as admitted, deny each and every allegation
19  in said paragraph.

20       50.    Answering paragraph 50 of the Complaint, Defendants state that the
21  allegations contain statements of Plaintiff's legal position and conclusions of law,
22  to which no response is required; to the extent that such allegations require a
23  response, Defendants deny each and every allegation in said paragraph.

24       51.    Answering paragraph 51 of the Complaint, Defendants state that the
25  allegations contain statements of Plaintiff's legal position and conclusions of law,
26  to which no response is required; to the extent that such allegations require a
27  response, Defendants admit that the Benefits Committee members were employees
28  of CNB; deny that CNB was the Plan sponsor; and, except as admitted, deny each

DEFS.' ANSWER AND AFFIRMATIVE
DEFENSES TO PL.'S COMPL. FOR
VIOLATIONS OF ERISA

1 and every allegation in said paragraph.

2     52. Answering paragraph 52 of the Complaint, Defendants state that the allegations are a statement of Plaintiff's legal position, to which no response is required; to the extent that such allegations require a response, Defendants admit that Plaintiff purports to seek the relief described; and, except as admitted, deny each and every allegation in said paragraph and deny Plaintiff's entitlement to any of the requested relief.

## SECOND CLAIM FOR RELIEF

**Disloyal, Imprudent and Prohibited Transactions between the Plan and CNAM, a Division of CNB; and CNS, a Wholly Owned Subsidiary of CNB**

11     53. Answering paragraph 53 of the Complaint, Defendants state that the allegations are a statement of Plaintiff's legal position, to which no response is required.

14     54. Answering paragraph 54 of the Complaint, Defendants admit each and every allegation therein.

16     55. Answering paragraph 55 of the Complaint, Defendants admit that, prior to 2012, Plan Participants who elected the Individually Directed Account ("IDA") option were required to use CNS as their broker; and, except as admitted, deny each and every allegation in said paragraph.

20     56. Answering paragraph 56 of the Complaint, Defendants admit that plan participants received a 20 percent reduction of standard CNS brokerage commissions and mutual fund transaction fees starting in October 2006; admit that, prior to 2011, IDA fees included a base fee of $150 per participant and a fee of 0.20 percent of the market value of the participant's account; and, except as admitted, deny each and every allegation in said paragraph.

26     57. Answering paragraph 57 of the Complaint, Defendants admit each and every allegation in said paragraph.

28     58. Answering paragraph 58 of the Complaint, Defendants deny each and

- 13 -

1  every allegation in said paragraph.

2      59.    Answering paragraph 59 of the Complaint, Defendants deny each and every allegation in said paragraph.

4      60.    Answering paragraph 60 of the Complaint, Defendants state that CNB, CNAM and CNS maintained records and data concerning the Plan's direct expenses; and deny each and every allegation in said paragraph.

7      61.    Answering paragraph 61 of the Complaint, Defendants state that the allegations contain statements of Plaintiff's legal position and conclusions of law, to which no response is required; to the extent that such allegations require a response, Defendants admit that Plaintiff purports to seek the relief described; and, except as admitted, deny each and every allegation in said paragraph and deny Plaintiff's entitlement to any of the requested relief.

### THIRD CLAIM FOR RELIEF

### Co-Fiduciary Liability

15      62.    Answering paragraph 62 of the Complaint, Defendants state that the allegations are a statement of Plaintiff's legal position, to which no response is required.

18      63.    Answering paragraph 63 of the Complaint, Defendants state that the allegations contain statements of Plaintiff's legal position and conclusions of law, to which no response is required; to the extent that such allegations require a response, Defendants deny each and every allegation in said paragraph.

22      64.    Answering paragraph 64 of the Complaint, Defendants state that the allegations contain statements of Plaintiff's legal position and conclusions of law, to which no response is required; to the extent that such allegations require a response, Defendants admit that Plaintiff purports to seek the relief described; and, except as admitted, deny each and every allegation in said paragraph and deny Plaintiff's entitlement to any of the requested relief.

## PRAYER FOR RELIEF

Answering Plaintiff's Prayer for Relief, Defendants state that the allegations contain statements of Plaintiff's legal position, to which no response is required; to the extent that such allegations require a response, Defendants admit that Plaintiff purports to seek the relief described; and, except as admitted, deny each and every allegation in said paragraph and deny Plaintiff's entitlement to any of the requested relief.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses. By alleging these affirmative defenses, Defendants do not agree or concede that they have the burden of proof on any of the issues raised in these defenses or that any particular issue or subject matter herein is relevant to Plaintiff's allegations.

### First Affirmative Defense
### (Failure to State a Claim)

Plaintiff fails to state a claim or cause of action upon which relief can be granted.

### Second Affirmative Defense
### (Failure to Allege Fraud With Particularity)

Insofar as Plaintiff purports to allege claims of breach of fiduciary duty as a result of misrepresentation, the circumstances constituting the alleged fraud or mistake have not been alleged with the requisite particularity required by Federal Rule of Civil Procedure 9(b).

### Third Affirmative Defense
### (Statutes of Limitations and Repose)

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and statute of repose, including, but not limited to, ERISA § 413, 29 U.S.C. § 1113.

**Fourth Affirmative Defense**

**(Not Appropriate Relief Under ERISA § 502(a)(2))**

The claimed relief does not constitute appropriate relief under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2).

**Fifth Affirmative Defense**

**(Nonjoinder)**

Plaintiff's claims are barred in whole or in part by the doctrine of nonjoinder, because Plaintiff has failed to join necessary and indispensable parties.

**Sixth Affirmative Defense**

**(Prudent Action)**

Without conceding that any Defendant is a fiduciary with respect to the conduct complained of by Plaintiff, Plaintiff's claims are barred in whole or in part because Defendants' actions were both procedurally and substantively prudent and cannot give rise to fiduciary liability under ERISA § 409(a), 29 U.S.C. § 1109(a).

**Seventh Affirmative Defense**

**(Not Appropriate Equitable Relief Under ERISA § 502(a)(5))**

The claimed relief does not constitute appropriate equitable relief under ERISA § 502(a)(5), 29 U.S.C. § 1132(a)(5).

**Eighth Affirmative Defense**

**(Laches)**

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

**Ninth Affirmative Defense**

**(Causation)**

Plaintiff's claims are barred in whole or in part because any losses alleged by Plaintiff were not caused by any alleged breach of fiduciary duty by the Defendants.

### Tenth Affirmative Defense

### (Waiver)

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### Eleventh Affirmative Defense

### (Estoppel)

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### Twelfth Affirmative Defense

### (No Jury Trial)

Plaintiff is not entitled to a jury trial.

### Thirteenth Affirmative Defense

### (Prohibited Transaction Exemptions)

Without conceding that any Defendant is a fiduciary with respect to the conduct complained of by Plaintiff, to the extent that Plaintiff can establish any transactions prohibited by ERISA § 406, 29 U.S.C. § 1106, Plaintiff's claims are barred in whole or in part because ERISA § 408, 29 U.S.C. § 1108, and the Prohibited Transactions Exemptions promulgated by the Department of Labor pursuant thereto, exempt all such transactions.

### Reservation of Rights to Assert Additional Defenses

Defendants reserve the right to assert, and hereby give notice that they intend to rely upon, any other defense that may become available or appear during discovery proceedings or otherwise in this case and hereby reserve the right to amend their Answer to assert any such defense.

### PRAYER FOR JUDGMENT

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by the Complaint;
2. That the Complaint, and each cause of action therein, be dismissed with prejudice;

3. That Defendants be awarded their costs of suit, including attorneys' fees; and

4. That the Court award such other relief as it deems just and appropriate.

Dated: August 5, 2015        O'MELVENY & MYERS LLP

By: /s/ Catalina J. Vergara
Catalina J. Vergara

BRIAN D. BOYLE
bboyle@omm.com
SHANNON M. BARRETT
sbarrett@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

CATALINA J. VERGARA
cvergara@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

*Attorneys for Defendants*

DEFS.' ANSWER AND AFFIRMATIVE DEFENSES TO PL.'S COMPL. FOR VIOLATIONS OF ERISA