# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br>　　　　　　　　Plaintiff,<br>　　v.<br>CITY NATIONAL CORPORATION; CITY NATIONAL BANK; CITY NATIONAL SECURITIES, INC.; MARIANNE LAMUTT; CHRISTOPHER CAREY; MICHAEL B. CAHILL; MICHAEL NUNNELEE; RICHARD BYRD; VERNON KOZLEN; KATE DWYER; RICHARD L. BLOCH; KENNETH COLEMAN; BRUCE ROSENBLUM; ROBERT TUTTLE; and the CITY NATIONAL CORPORATION PROFIT SHARING PLAN,<br>　　　　　　　　Defendants. | Case No. 2:15-cv-03084-TJH (JCx)<br><br>**PROTECTIVE ORDER** |

# PROTECTIVE ORDER

In order to preserve and maintain, to the extent legally permissible, the confidentiality of certain documents to be produced in this action by Plaintiff Thomas E. Perez ("Plaintiffs"), or by Defendants City National Corporation; City National Bank; City National Securities, Inc.; Marianne Lamutt; Christopher Carey; Michael B. Cahill; Michael Nunnelee; Richard Byrd; Vernon Kozlen; Kate Dwyer; Richard L. Bloch; Kenneth Coleman; Bruce Rosenblum; Robert Tuttle; or the City National Corporation Profit Sharing Plan (collectively, "Defendants"), it is ordered that:

## I. DEFINITIONS

1.1. <u>Party</u>. The terms "party" as used in this Order, e.g., "producing party" and "designating party," refer both to the parties to this litigation and to any third parties who may produce discoverable material in this litigation.

1.2. <u>Protected Documents</u>. Documents to be produced during discovery in this litigation that contain either Confidential Material or Personal Identifying Information (as defined herein) shall hereafter be referred to as "Protected Documents."

1.3. <u>Documents</u>. When used in this Order, the word "documents" shall be given its broadest meaning under the Federal Rules of Civil Procedure and includes, but is not limited to, all written material or tangible items, whether stored on paper or electronically, videotapes, photographs, emails, and databases, and further includes, but is not limited to, information contained in a document, information revealed during a deposition, and information revealed in an interrogatory answer.

1.4. <u>Confidential Material</u>. When used in this Order, "Confidential Material" means:

 a. information governed by any confidentiality agreement between Defendants' and any third parties;

b. information pertaining to Defendants' customers, including participants in the City National Corporation Profit Sharing Plan, that is not publicly available, including private consumer information that contains identifying contact or private information provided by a consumer, including any list, description, or other grouping of consumers (and publicly available information pertaining to them) that is derived using any non-public personal information, including any non-public personal information such as that identified by the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, et seq.;

c. non-public communications with regulators or other governmental bodies that are protected from disclosure by statute or regulation;

d. information relating to non-public administrative or regulatory proceedings;

e. any other non-public financial and proprietary information; and

f. all documents otherwise properly subject to a confidentiality order under Rule 26(c) of the Federal Rules of Civil Procedure.

1.5. <u>Personally Identifying Information ("PII")</u>. When used in this Order, "Personal Identifying Information" or "PII" means non-public personal information of individual third parties (such as individual participants in retirement plans for which Defendants provide or provided services, including participants in the CNC Plan), including, but not limited to, name, social security number, address, e-mail address, telephone number, and financial or retirement account information, as well as any information subject to privacy protections in Court filings under Rule 5.2 of the Federal Rules of Civil Procedure.

**II. <u>SCOPE</u>**

2.1. Except as otherwise indicated below or unless otherwise legally required, documents designated as "Subject to Protective Order" that are

produced or delivered by the parties, and/or their attorneys, consultants, agents, or experts in this action shall be Protected Documents and, to the extent legally permissible, shall be given confidential treatment as described below. The parties will designate all materials that are designated as Protected Documents at the time of production by noting on the document that it is "Confidential Material" or "Personal Identifying Information," as the case may be, and "Subject to Protective Order," or by a separate written communication that identifies the designated documents by bates-stamp number. Confidential Material or Personal Identifying Information contained in deposition transcripts shall be designated on the record during a deposition or in writing delivered within twenty days of receipt of the deposition transcript; all information contained in a deposition transcript shall be treated as a Protected Document until twenty days following delivery of the deposition transcript.

2.2. Prior to designating any material as a Protected Document, a party must make a good faith determination that the material is subject to the protections of this Order. If a receiving party disagrees that a document designated "Confidential Material" or "Personal Identifying Information," is subject to this Protective Order, the receiving party shall so notify the producing party and the parties shall endeavor to resolve the dispute in good faith in accordance with Local Rule 37-1 and, if the dispute cannot be resolved and a party wishes to seek judicial resolution of the matter, such party shall proceed in accordance with Local Rules 37-1, et seq. All parties shall treat any disputed documents as Protected Documents in accordance with this Protective Order until the Court rules.

### III. REVISED DESIGNATIONS

3.1. A document mistakenly produced or disclosed without a "Confidential Material" or "Personal Identifying Information" designation after the entry of

- 3 -

this Order may be subsequently designated as "Confidential Material" or "Personal Identifying Information" pursuant to the terms of this Order within fourteen (14) days of the party's or third party's discovery that the document was subject to this Order and was produced without the appropriate designation. Additionally, any party to the litigation, or third party subject to discovery, may designate as protected any documents or discovery produced by any other party or any third party within fourteen (14) days of the designating party's discovery, following its or its counsel's review of the document or discovery material, that the document or discovery material was provided or produced without such designation. In each such case, the party or third party designating the document as a Protected Document shall provide to the receiving party or parties written notice of that designation and, as necessary, a copy of the document marked or identified in accordance with Paragraph 2.1. The inadvertent or unintentional disclosure by the producing party of a Protected Document regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's or third party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

3.2. If documents subject to a claim of attorney-client privilege, work-product immunity, or any other applicable privilege are inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity over the material. Pursuant to Federal Rule of Civil Procedure 26(b)(5), the party making the claim may notify any party that received the documents of the claim and the basis for it. After being notified, a party must promptly sequester the specified documents and any copies it has; must not use the material until the claim is resolved (except to make the under seal submission

referenced below); must not disclose the material until the claim is resolved unless legally required to do so; must, to the extent not legally prohibited, take reasonable steps to retrieve the information if the receiving party disclosed it before being notified; and may promptly present the material to the Court under seal for a determination of the claim. The producing party must preserve the documents until the claim is resolved.

3.3. The production of any documents by any party, whether inadvertent or not, shall be without prejudice to any subsequent claim by the producing party that such material is privileged or attorney work product, and shall not be deemed a waiver of any such privilege or protection in either the litigation pending before the Court, or any other federal or state proceeding. The parties agree that employing electronic keyword searching and privilege screens to identify and prevent disclosure of privileged material constitutes "reasonable steps to prevent disclosure" under Federal Rule of Evidence 502(b)(2).

## IV. ACCESS TO AND USE OF PROTECTED DOCUMENTS

4.1. Both the Protected Documents and the information contained therein shall be treated as confidential to the extent permitted by law. Except upon the prior written consent of the producing party or upon further Order of this Court or unless otherwise required by law, the Protected Documents or information contained therein may be shown, disseminated, or disclosed only to the following persons:

  a. The parties' counsel of record and any other counsel retained by a party to represent the party in this case, as well as employees of retained counsel to whom it is necessary that the material be shown for purposes of this litigation;

  b. Independent technical experts and consultants retained by a party for the preparation or trial of this case, provided that the technical expert

        or consultant is not a competitor of, or employed by a competitor of, a party;

   c. Employees, agents or representatives of the non-producing party, including in-house counsel, insofar as it is reasonably necessary for them to review the same for purposes of assisting or advising the non-producing party with respect to this litigation;

   d. The Court and the Court's staff;

   e. Any mediator agreed to by the parties or ordered by the Court;

   f. Deponents and trial witnesses;

   g. Any court reporter employed for purposes of depositions in this litigation, including persons operating video recording equipment at video depositions, as well as employees of copy centers, document scanning services, or similar contractors used by the parties for purposes of reproducing or managing documents produced in connection with this litigation;

   h. Authors, addressees, and recipients of particular information designated as "Confidential Material" or "Personal Identifying Information" solely to the extent of disclosing such information of which they are an author, addressee, or recipient; and

   i. Defendants' insurers to whom disclosure is reasonably necessary.

4.2. Unless otherwise legally required, no disclosure of any Protected Documents or the information contained therein, shall be made to any person described in paragraphs 4.1(a), (b), (c), (e), (f), (g), (h) and (i) above unless prior to such disclosure, such person is advised of the terms of this Protective Order, is given a copy of this Protective Order, and agrees in writing to be bound by its terms and to submit to the jurisdiction of this Court.

///

///

4.3.     To the extent that Protected Documents or information contained therein are used in the taking of depositions, such documents or information shall remain subject to the provisions of this Protective Order.

4.4.     To the extent a party or third party wishes to file with the Court in this action "Confidential Material" or "Personal Identifying Information," or to refer to the substance of such documents or information in a pleading or brief filed with the Court in this action, compliance with Local Rule 79-5 (as modified December 1, 2015) is required.

4.5.     Confidentiality under this Order is to be maintained both during and after final disposition of this matter unless otherwise required by law. All Protected Documents shall be returned to the producing party or shall be destroyed within three months following the final non-appealable resolution of this matter or, to the extent retention for a longer period is legally required, shall be returned to the producing party or shall be destroyed within three months after the earliest legally permissible destruction date. If documents are destroyed rather than returned to the producing party, the producing party, upon its request to counsel for the receiving party made after expiration of any legally required retention period, shall be so notified in writing within a reasonable period of time following such destruction.

4.6.     Nothing in this Order is intended to limit a producing party's use, disclosure, or communication of its own Protected Documents, nor to prevent the producing party from disclosing the Protected Documents to any person. Such disclosures shall not affect any designation of confidentiality made pursuant to the terms of this order, so long as the disclosure is made in a manner reasonably calculated to maintain the confidentiality of the information.

4.7.   This Order is not intended to foreclose or resolve any objections that may be made to the admissibility of Protected Documents pursuant to the Federal Rules of Evidence or other applicable law.

4.8.   This Order shall be binding upon the parties to this action and their attorneys and upon anyone else who has notice thereof and has agreed in writing to be bound thereby.

Signed this 15th day of December 2015.

　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　Hon. Jacqueline Chooljian
　　　　　　　　　　　　　　　United States Magistrate Judge

- 8 -